[No. 6211.]

WOLFER v. REDDING ET AL.

1. Bill of Exceptions—When Necessary—An assignment of error for the insufficiency of the evidence will not be considered where no exception to the judgment was reserved.—(59)

2. Instructions—Assuming the Facts—Allegations which are not controverted, or which, upon the trial, are treated as true by the parties, may be assumed to be true in the charge of the court.—(60)

Objections to the instructions will not be considered upon appeal unless the bill of exceptions sets forth all the instructions given.—(60)

*Appeal from Boulder District Court* — Hon. CHRISTIAN A. BENNETT, Judge.

Messrs. MILLER, BARND & AFFOLTER, and Mr. ERNEST L. WILLIAMS, for appellant.

Mr. A. C. PATTON, and Mr. WENDELL STEPHENS, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The object of this action is the recovery of the value of services which plaintiffs, who are architects,

performed for defendant. Plaintiffs' case as made by the complaint is that, at defendant's request, they agreed to, and did, draw for him plans and specifications for a store building, and to superintend the construction of the same for an agreed compensation of five per cent. of its total cost; that they were accepted by defendant, who began construction of the building, which ·plaintiffs superintended, until they were wrongfully discharged. So far as pertinent to questions involved here, defendant's case, as made by his answer, is that while he employed plaintiffs to draw plans and specifications for a building which he proposed to erect, to cost not exceeding seven thousand dollars, the plans and specifications which plaintiffs drew were for a building which, as erected by defendant, cost in the neighborhood of fifteen thousand dollars, and they were not, as drawn, acceptable to, or accepted by, defendant, who was obliged to make changes therein, and that because of plaintiffs' failure, in this respect, to comply with their contract, he rightfully discharged them. By way of counterclaim defendant asked damages growing out of this contract, in that he rented, in advance of its construction, the building in question at a rental based upon the supposition that the building would cost seven, instead of fifteen, thousand dollars. From the judgment upon these issues in favor of plaintiffs, defendant appeals.

The assignment, based upon the alleged insufficiency of the evidence to support the judgment, cannot, under ·our established practice, be considered. The record does not show that any objection was made, or exception taken, to the judgment. The evidence was conflicting and there was sufficient legal evidence to sustain the finding.

The errors assigned to rulings upon the evidence, even if the points are properly before us, are not

well taken. The questions raised are not important in any view of the case, and if the rulings had not been made, we are satisfied the verdict would not have been different.

Almost the entire argument of appellant is devoted to the alleged erroneous instructions which the court gave to the jury. Such objections, as that mere abstract propositions of law were announced and that.the court improperly assumed as established facts matters which were in dispute, are not borne out by our examination of the charge. Facts which are uncontroverted, or are so treated by the parties, may be assumed as true by the court in its instructions. The court did not transgress the rule invoked.

Besides, appellant is not in a position to be heard upon his objections to the charge. The record does not purport to contain all of the instructions. Appellant's abstract shows that at least nine were given, numbered 2, 3, 4, 6, 7, 8 and 9. Instructions numbered 1 and 5 are absent, and for aught that appears to the contrary, a number of other instructions may have been submitted to the jury. We are therefore not called upon to consider the objections urged. We may, however, add that we do not find the supposed errors in the partial list of numbered instructions to· which appellant has called our attention. Some of them which are altogether favorable to defendant, if not given at his request, are criticised with as much apparent earnestness as are those which seem to have been tendered by plaintiffs.

There being no substantial or prejudicial error in the record, the judgment is affirmed.   *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.